UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20526-CIV-MARTINEZ/GOODMAN

NATTAPOOM SRISKADA

    Plaintiff,

vs.

HARBOR PITA, INC., et al.,

    Defendants.

_____/

ORDER STRIKING WITHOUT PREJUDICE

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

This matter is before the Undersigned on the District Court's referral of Plaintiff's Motion for Attorney's Fees and Costs and Defendants' Motion to Strike Plaintiff's Motion. [ECF Nos. 16; 18; 20]. As outlined below, Defendants' motion is **granted** and Plaintiff's motion is **stricken without prejudice**.

I.    BACKGROUND

On February 12, 2014, Plaintiff filed this action against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. [ECF No. 1]. On March 17, 2014, Plaintiff accepted Defendants' Offer of Judgment in the amount of $2,400, exclusive of attorney's fees and costs. [ECF No. 9]. On March 24, 2014, the parties filed a joint motion to approve their settlement. [ECF No. 14]. On March 26, 2014, the District

Court approved the parties' settlement and retained jurisdiction to enforce the parties' settlement and to resolve any fees and cost issues. [ECF No. 15].

On May 26, 2014, Plaintiff filed the instant fees and costs motion seeking $2,832.50 in attorney's fees and $557.30 in costs. [ECF No. 16]. On June 12, 2014, Defendants filed a motion to strike Plaintiff's motion for attorney's fees and costs. [ECF No. 18]. Defendants' motion doubled as both a response to Plaintiff's motion and a separate motion to strike. Among other things, Defendants contend that Plaintiff's motion should be stricken because it fails to comply with Local Rule 7.3. In particular, Defendants allege that Plaintiff first served them with a copy of his fees and costs motion on May 20, 2014 – less than one week prior to the deadline for filing it, in violation of Local Rule 7.3(b)'s requirement that drafts of such motions be served on opposing counsel 30 days before the deadline for filing the motion. [*Id.* at p. 2]. Plaintiff did not respond to Defendants' motion and the time to do so has passed.

## II.    APPLICABLE LEGAL STANDARD

Local Rule 7.3(b), states, in relevant part:

> a draft motion compliant with Local Rule 7.3(a)(1)-(8) **must be** served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys fees and/or costs that is governed by the Local Rule. Within twenty-one (21) days of service of the draft motion, the parties **shall** confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920.

Local Rule 7.3(b) (emphasis added). For its part, Local Rule 7.3(a)(1) provides that a fees and costs motion "shall be filed within sixty (60) days of the entry of the . . . order

giving rise to the claim." Taken together, these subsections of Local Rule 7.3 create a straightforward procedure for filing fees and cost motions.

As one court in this district has noted, Local Rule 7.3's requirements are not optional, but mandatory. *Norych v. Admiral Ins. Co.*, No. 08-60330-Civ-Altonaga, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010). A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion. *Id.* (denying motion because movant admitted that it did not comply with Local Rule 7.3(b)'s 30-day service requirement or 21-day conferral requirement) (citing *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07–80185-Civ-Ryskamp, 2008 WL 360591, at *2 (S.D. Fla. Feb. 8, 2008)).

## III. DISCUSSION

Here, Plaintiff's claim for attorney's fees and costs arose from the District Court's March 26, 2014 order approving the parties' settlement. [ECF No. 15]. Therefore, Plaintiff had 60 days from March 26, 2014 to serve his motion for attorney's fees and costs. It appears that Plaintiff did timely submit his fees and costs motion on May 26, 2014. [ECF No. 16].

In his motion, Plaintiff's counsel included a certification that stated "Plaintiff's counsel has supplied Defense counsel with a copy of Plaintiff's fee and cost ledger but has been unable to resolve said issue." [*Id.* at pp. 2-3]. While the certificate lacks detail, the Undersigned interprets this certificate as a representation by Plaintiff's counsel that

he has complied with the applicable Local Rules. Indeed, what other purpose would such a certificate serve?

Defendants contend that this certificate omits substantial details. In particular, Defendants' counsel states that she did not receive a copy of the draft motion until May 20, 2014, a week before it was filed, in violation of Local Rule 7.3(b). But much like Plaintiff's counsel, Defendants' counsel did not attach any exhibits or affidavits to help substantiate this allegation. And, as noted, Plaintiff's counsel did not respond to Defendants' motion and address these allegations and the time to do so has passed.

Unlike the situation in *Norych*, 2010 WL 2557502, at *2, where the movant conceded that it did not comply with Local Rule 7.3(b)'s requirements, the record before the Undersigned is murky as to whether Plaintiff did, or did not, comply with Local Rule 7.3(b). Accordingly, the Undersigned finds that the better course of action is to grant Defendants' motion and to strike without prejudice Plaintiff's fees and costs motion. The Undersigned will allow Plaintiff to file a renewed fees and costs motion that complies with Local Rule 7.3 by October 8, 2014[1] with one caveat: Plaintiff may not seek any fees and costs associated with the renewed motion.

---

[1] To the extent that this Order extends Local Rule 7.3's 60-day time limit to file such motions, the Undersigned grants Plaintiff an extension of time to file his motion. *See* Comments to Local Rule 7.3 ("The authority of Judges to regulate the mechanics of fee applications is clear."); *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV, 2009 WL 1706534, at *15 n. 12 (S.D. Fla. June 11, 2009) (Former Magistrate Judge Rosenbaum [now Eleventh Circuit Judge] granted three extensions of time for a party to file its attorney's fees motion).

## IV. CONCLUSION

For the reasons set out above, it is **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Strike [ECF No. 18] is **granted** and Plaintiff's Motion for Attorney's Fees and Costs [ECF No. 16] is **stricken without prejudice**.

2. Plaintiff may file a renewed motion for attorney's fees in compliance with Local Rule 7.3 by October 8, 2014. If Plaintiff chooses to file such a motion, then Plaintiff may not seek any fees and costs associated with the renewed motion.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, August 11, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record