UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20526-CIV-MARTINEZ/GOODMAN

NATTAPOOM SRISKADA

      Plaintiff,

vs.

HARBOR PITA, INC., et al.,

      Defendants.

_____/

ORDER DENYING WITHOUT PREJUDICE

<u>PLAINTIFF'S RENEWED VERIFIED MOTION FOR ATTORNEY'S FEES</u>

      United States District Court Judge Jose E. Martinez referred [ECF No. 24] to the

Undersigned Plaintiff's Renewed Verified Motion for Attorney's Fees [ECF No. 22].

Defendant filed a response in opposition. [ECF No. 25]. No reply in support was filed

by Plaintiff and the time to do so has since passed. For the reasons outlined below, the

Undersigned **denies without prejudice** Plaintiff's motion.

I.      **BACKGROUND**

      Plaintiff filed this action against Defendants alleging violations of the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq*. [ECF No. 1]. Plaintiff accepted Defendants' Offer

of Judgment in the amount of $2,400, exclusive of attorney's fees and costs. [ECF No. 9].

The parties filed a joint motion to approve their settlement. [ECF No. 14]. The District

Court approved the parties' settlement and retained jurisdiction to enforce the parties'
settlement and to resolve any fees and cost issues. [ECF No. 15].

Plaintiff filed a fees and costs motion seeking $2,832.50 in attorney's fees and
$557.30 in costs. [ECF No. 16]. Defendants filed a motion to strike Plaintiff's motion for
attorney's fees and costs. [ECF No. 18]. The Undersigned granted Defendants' motion to
strike for Plaintiff's failure to comply with the service requirements of Local Rule 7.3(b).
[ECF No. 21]. The Undersigned allowed Plaintiff to file a compliant fees motion. [*Id*. at
p. 4]. Plaintiff no longer seeks costs as the amount was agreed to and paid. [ECF No. 25,
p. 1]. Plaintiff filed the instant Renewed Verified Motion for Attorney's Fees [ECF No.
22], and Defendants filed a Response and Memorandum of Law in Opposition. [ECF
No. 25].

Defendants contend that Plaintiff's Motion for Attorney's Fees *again* fails to
comply with the local rules. [ECF No. 25, p. 2]. Specifically, Defendants allege that
Plaintiff's motion does not "disclose the terms of any applicable fee agreement," in
violation of Local Rule 7.3(a)(4). [*Id*.].

## II.   APPLICABLE LEGAL STANDARD

Local Rule 7.3(a)(4) states that a motion for attorney's fees shall "disclose the
terms of any applicable fee agreement." As one court in this district has noted, Local
Rule 7.3's requirements are not optional, but mandatory. *Norych v. Admiral Ins. Co.*, No.
08-60330-Civ-Altonaga, 2010 WL 2557502, at *2 (S.D. Fla. Jun. 23, 2010). A party's failure

to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion. *Id.* (denying motion because movant admitted that it did not comply with Local Rule 7.3(b)'s 30-day service requirement or 21-day conferral requirement) (citing *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07–80185-Civ-Ryskamp, 2008 WL 360591, at *2 (S.D. Fla. Feb. 8, 2008)).

### III.    DISCUSSION

The Undersigned finds that Plaintiff violated the local rule governing motions for attorney's fees. Plaintiff's motion does not disclose any applicable fee agreement between him and his attorney. [ECF No. 22]. As such, Plaintiff's failure to comply with Local Rule 7.3 provides a sufficient basis to deny its fees motion. *See Norych*, 2010 WL 2557502, at *2.

Accordingly, the Undersigned **denies without prejudice** Plaintiff's fees motion. The Undersigned will allow Plaintiff to file a renewed motion for attorney's fees that complies with Local Rule 7.3, however, Plaintiff may not seek any fees and costs associated with the renewed motion.

### IV.    CONCLUSION

For the reasons set out above, it is **ORDERED** and **ADJUDGED** that:

1.     Plaintiff's Renewed Verified Motion for Attorney's Fees and Costs [ECF No. 22] is **denied without prejudice**.

2.      Plaintiff may file a renewed motion for attorney's fees in compliance with Local Rule 7.3. If Plaintiff chooses to file such a motion, then Plaintiff may not seek any fees and costs associated with the renewed motion.

3.      Plaintiff must file the renewed motion by July 13, 2015.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, July 1, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record